```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

 U.S. BANK, N.A., et al.,

                    Plaintiffs,             MEMORANDUM & ORDER
                                            25-CV-2979 (EK)(JAM)

          -against-

 FELIX ORTIZ,

                    Defendant.

-------------------------------------x
```

ERIC KOMITEE, United States District Judge:

Before the Court is Defendant Ortiz's second motion to remove a state foreclosure action to federal court. Ortiz also seeks to proceed *in forma pauperis*. The latter motion is granted for purposes of this order, but the Court once again remands this case to state court.

## I. Discussion

Ortiz has already unsuccessfully sought removal of this case. *See* Remand Order, *U.S. Bank, N.A. v. Ortiz*, No. 25-CV-2321, ECF No. 4 (E.D.N.Y. May 8, 2025). He has now filed a second notice of removal under a different docket number. But he still has not alleged a valid basis for removal.

The second notice does not properly allege diversity jurisdiction. While the first notice did not allege the parties' respective domiciles at all, *id.* at 4, the second notice alleges (among other things) that Ortiz is domiciled in

New York.  *See* ECF No. 1, at 5.  That allegation precludes removal on diversity grounds.  *See* 28 U.S.C. § 1441(b)(2) (barring home-state defendants from removing civil actions to federal court based solely on diversity of citizenship).

The second notice also does not properly allege federal-question jurisdiction.  Indeed, it identifies no well-pleaded federal claim in the original complaint.  14C Charles Wright & Arthur Miller, *Federal Practice & Procedure* § 3722.4 (rev. 4th ed.) (removing defendant must show that federal law is an "essential element of the plaintiff's properly pleaded claim for relief").  Instead, it appears to simply seek reconsideration of the Court's May 8 remand order.  *See* ECF No. 1, at 2-5.  And a district court lacks jurisdiction to reconsider a remand order, except in special circumstances that do not apply here.  28 U.S.C. § 1447(d); *Shapiro v. Logistec USA, Inc.*, 412 F.3d 307, 312 (2d Cir. 2005).

The Court therefore remands this case once more to state court.  It further finds that, because Ortiz's first and second notices of removal suffered from near-identical deficiencies, Ortiz "was, or should have been, aware that this notice of removal was improper."[1]  *Bey v. Brann*, No. 23-CV-7247, 2023 WL 5955613, at *2 (S.D.N.Y. Aug. 17, 2023); *see also*

---

[1] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

*Iwachiw v. N.Y.C. Bd. of Elections*, 126 F. App'x 27, 29 (2d Cir. 2005) (filing injunction appropriate where litigant had history of "vexatious, harassing, or duplicative" actions, lacked an "objective good faith expectation" of success, and placed an "unnecessary burden" on the parties and court personnel). Therefore, Ortiz is warned that "further filing of improper notices of removal or other frivolous litigation" may result in an order barring him from filing new actions without prior permission from this Court. *Bey*, 2023 WL 5955613, at *2; 28 U.S.C. § 1651.

## II.  Conclusion

For the foregoing reasons, this action is remanded to New York State Supreme Court, Kings County.  The Clerk of Court is respectfully directed to mail a copy of this order to Ortiz, to note the mailing on the docket, and to close this case.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore denies *in forma pauperis* status for purposes of an appeal.  *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

3

/s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated:　　June 6, 2025
　　　　　Brooklyn, New York